**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 19 2013, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Assistant to the
  Shelby County Public Defender
Weineke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICKY L. FLAKE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A05-1207-CR-356 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable Jack A. Tandy, Judge
Cause No. 73D01-1108-FD-205

**February 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Ricky L. Flake appeals the sentence imposed for his conviction for operating a vehicle after suspension, a Class D felony, pursuant to an open plea. Flake presents two issues for review:

1. Whether the trial court abused its discretion when it identified aggravators and mitigators.

2. Whether the sentence is inappropriate in light of the nature of the offense and Flake's character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 7, 2007, the Indiana Bureau of Motor Vehicles ("BMV") notified Flake that his driver's license had been suspended because the BMV had determined him to be an habitual traffic violator ("HTV"). Flake's license was suspended effective January 11, 2008, through January 8, 2018.

On August 21, 2011, Flake attempted unsuccessfully to get a ride to work. Although he owned a scooter at the time, he eventually chose to drive to work that day. A Shelby County Sheriff's Deputy observed Flake driving on I-74 and ran a license plate check. The check revealed that Flake was an HTV, so the deputy initiated a traffic stop. During the stop, Flake informed the deputy that he did not have a driver's license and that he knew his license was suspended. The deputy arrested Flake.

The State charged Flake with operating a vehicle after suspension, as a Class D felony. Flake entered an open guilty plea. At sentencing, the trial court identified

2

aggravators, identified no mitigators, and sentenced Flake to three years, the maximum

sentence for a Class D felony. Flake now appeals.

## DISCUSSION AND DECISION

## Issue One: Aggravators and Mitigators

Sentencing decisions rest within the sound discretion of the trial court and are

reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482,

490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An

abuse of discretion occurs if the decision is clearly against the logic and effect of the facts

and circumstances before the court, or the reasonable, probable, and actual deductions to

be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it property considered the reasons that enjoy support in the record.

Id. at 490-91.

Flake first contends that the trial court abused its discretion when identified as

aggravators his particular criminal history and that he could have been charged with a

higher class of felony. Specifically, he argues that, because the trial court erred when it

stated that Flake had accumulated six prior felony convictions, the court erroneously

3

concluded that he should have been charged with a Class C felony instead of a Class D felony. We address each contention in turn.

At sentencing, the trial court identified Flake's criminal history as an aggravating circumstance, stating as follows:

> Just in blunt terms here, I don't think you're a good candidate for home detention. This is your seventh felony conviction. You've not learned from prior contact with criminal justice systems that you can't drive. It is a mystery why you're not [a] lifetime license suspension, suspended at this point. It appears that you should be, but for whatever reason you['re] on the HTV D felony status. So, I'm going to sentence you to three years at the Indiana Department of Correction, to be served on that [sic] on an executed basis. As I said, this is your seventh felony conviction. You've not learned from prior contacts. I don't believe that you won't drive again, to put it bluntly. I think if circumstances make it tough for you then you'll probably drive again. So that is your sentence.

Transcript at 71.[1] A review of the Pre-Sentence Investigation Report shows that the trial court was incorrect when it stated that Flake had accumulated seven felony convictions, including the present one. In fact, Flake had accumulated four prior felony convictions.

But that error does not necessarily render the identification of Flake's criminal history as an aggravator to be an abuse of discretion. Even though the trial court miscounted Flake's felony convictions, his criminal history is nevertheless prolific. Flake was charged with seven felony convictions, all related to being an habitual traffic offender or violator. In one of those charges, he pleaded guilty to Class A misdemeanor operating a vehicle while an habitual traffic violator. And, at the time of sentencing, Flake had also accumulated eleven misdemeanor convictions, five of which are automobile-related convictions. Given the number and type of convictions, we cannot

---

[1] The written sentencing order does not list the trial court's identification of aggravators. However, in reviewing sentences in non-capital cases we examine both the written and the oral sentencing statements to discern the findings of the trial court. McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007).

say that the trial court abused its discretion when it identified his criminal history as an aggravator.

Flake also contends that the trial court should not have identified as an aggravator that he should have been charged with a Class C felony instead of a Class D felony in this case. According to Flake, the State argued that Flake's Class D felony charge would have been charged as a Class C felony "but for an apparent error in Flake's BMV status" and the trial court agreed with that contention. Appellant's Brief at 9. While the State did make such an argument, and the trial court referred to the "mystery" of why Flake had not been charged with a Class C felony, it is not clear that the trial court found such to be an aggravator. The trial court does not state that the "mystery" is a separate aggravator. As such, Flake's argument is without merit.

Flake further asserts that the trial court abused its discretion when it failed to find valid mitigators when sentencing him. In particular, Flake contends that the trial court should have found as mitigating circumstances his guilty plea and that his incarceration would place a financial and emotional hardship on his wife and dependent daughter. Again, we cannot agree.

Although a sentencing court must consider all evidence of mitigating circumstances offered by the defendant, the finding of a mitigating factor rests within the court's discretion. Roush v. State, 875 N.E.2d 801, 810 (Ind. Ct. App. 2007) (citation omitted). "A court does not err in failing to find mitigation when a mitigation claim is highly disputable in nature, weight, or significance." Id. (internal quotation marks and citation omitted). While a failure to find mitigating circumstances clearly supported by

5

the record may imply that the sentencing court improperly overlooked them, the court is obligated neither to credit mitigating circumstances in the same manner as would the defendant, nor to explain why it has chosen not to find mitigating circumstances. Id.

Flake contends that the trial court should have identified his guilty plea to be a significant mitigating circumstance. "[A] guilty plea 'is not automatically a significant mitigating factor.'" Brown v. State, 907 N.E.2d 591, 594 (Ind. Ct. App. 2009) (quoting Sensback v. State, 720 N.E.2d 1160, 1165 (Ind. 1999)). But "because of the inherent mitigating nature of a guilty plea, we have recognized that a trial court generally should make some acknowledgement of a guilty plea when sentencing a defendant." Caraway v. State, 959 N.E.2d 847, 853 (Ind. Ct. App. 2011) (internal quotation marks and citation omitted), trans. denied. Indeed, "[t]rial courts should be 'inherently aware of the fact that a guilty plea is a mitigating circumstance.'" Id. (quoting Francis v. State, 817 N.E.2d 235, 237 n.2 (Ind. 2004)). "A defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return." Id. (alteration and internal quotation marks omitted); see also Cotto v. State, 829 N.E.2d 520, 525 (Ind. 2005) ("A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and at least partially confirms the mitigating evidence regarding his character."). Even when a defendant does not specifically argue that his guilty plea should be considered in mitigation, the defendant may subsequently argue on appeal that the trial court abused its discretion in failing to find the plea as a mitigating factor. Id.

Here, Flake admitted his guilt at the traffic stop and never entered a not guilty plea. He immediately and consistently accepted responsibility for his offense and, in

6

doing so, saved the State the time and expense of trial preparation and a trial. Further, Flake received no benefit in return for his guilty plea. On these facts, we hold that the trial court's failure to acknowledge Flake's guilty plea constitutes an abuse of discretion.

Flake also contends that the trial court should have identified as a mitigator the financial and emotional hardship that his wife and daughter would suffer as a result of his incarceration. One of the factors the trial court may consider as a mitigator is whether "[i]mprisonment of the person will result in undue hardship to the person or the dependents of the person." Ind. Code § 35-38-1-7.1(b)(10). But "a trial court 'is not required to find that a defendant's incarceration would result in undue hardship upon his dependents.'" Reese v. State, 939 N.E.2d 695, 703 (Ind. Ct. App 2011) (quoting Davis v. State, 835 N.E.2d 1102, 1116 (Ind. Ct. App. 2005), trans. denied), trans. denied. Indeed, "'[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship.'" Id. (quoting Dowdell v. State, 720 N.E.2d 1146, 1154 (Ind. 1999)).

Flake argues that he "presented substantial evidence to show that his family would suffer hardship from his incarceration" because he and his wife had organized their finances "so they could afford to live [following their bankruptcy] so long as Flake continued working." Appellant's Brief at 10-11. But a review of the cited transcript pages does not support that contention. At the sentencing hearing, Flake testified that his incarceration would result in a hardship to his family. But on appeal he points to no testimony to show that his family budget had been computed based in part on his continued employment. Instead, he testified that his continued employment would have

helped his family afford the fees occasioned by home detention. Flake has not shown that his incarceration would have resulted in undue financial hardship to his family.

Nor has Flake shown that his incarceration would have caused undue emotional hardship on his family. Any incarceration is likely to result in hardship on the defendant's loved ones. Flake's desire to be home for his daughter and present for her high school graduation is laudable, but that is not a basis for finding undue hardship. Flake has not shown that the trial court abused its discretion when it failed to identify mitigators.

### Issue Two: Appellate Rule 7(B)

Finally, Flake contends that his sentence is inappropriate in light of the nature of the offense and his character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize [] independent appellate review and revision of a sentence imposed by the trial court." Roush, 875 N.E.2d at 812 (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the

8

appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

The Indiana Supreme Court more recently stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

We first consider whether Flake's three-year sentence is inappropriate in light of the nature of the offense. Flake was convicted of Class D felony operating a vehicle after suspension. While that offense, standing alone, does not appear serious, we must consider it along with Flake's lengthy criminal history. Again, Flake has four prior similar felony convictions and eleven prior misdemeanor convictions, five of which are automobile-related convictions. He admits that he is an alcoholic, contends that his criminal history is due to his alcoholism, and testified that he has been sober since receiving treatment in 2007. Nevertheless, Flake continues to flout the law. The present conviction is an example of that. We cannot say that his three-year sentence is inappropriate.

Nor can we say that Flake's sentence is inappropriate in light of his character. Flake's repeated offenses also reflect his character. And he has continued to re-offend despite the leniency given to him in the past. Flake has not shown that he will comply with the law when given a more lenient sentence. Therefore, we cannot say that his three-year sentence is inappropriate in this case.

## Conclusion

The trial court did not abuse its discretion when it identified aggravating circumstances at sentencing or when it failed to identify as a mitigating circumstance that Flake's incarceration would cause an undue financial and emotional hardship on his family. The trial court did abuse its discretion when it failed to identify Flake's guilty plea as a mitigating circumstances. Nevertheless, considering the nature of the offense and Flake's character, we conclude that the three-year sentence is not inappropriate.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.